```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA
                         WESTERN DIVISION


IN RE:

DOUGLAS ROBERT McELROY                           Chapter 13
KATHY ANN McELROY

     Debtors.                          Bankruptcy No. 08-01740F
```

## MEMORANDUM DECISION: PLAN CONFIRMATION

Debtors Douglas and Kathy McElroy seek confirmation of their chapter 13 plan. They filed their petition and plan on August 18, 2008. Citizens Automobile Finance, Inc. objected to the treatment of its secured claim; Carol F. Dunbar, the standing trustee, filed a Conditional Report of No Objection to the plan. Hearing was held November 20, 2008 in Fort Dodge. Michael L. Jankins appeared for McElroys; Carol F. Dunbar appeared on her own behalf.

Initially, McElroys proposed to "cram down" the secured claim of Citizens Automobile Finance, Inc. by paying it $6,050.00 as the value of the collateral, a 2001 Hyundai Santa Fe automobile. No interest was proposed for payment of the value over the term of the plan. After Citizens objected, McElroys modified the plan to pay Citizens $9,712.00 at 7 per cent per annum (doc. 22). This modified treatment conforms to Citizens's objection.

The trustee's objection stated that she would have no objection to the modified plan if the debtors orally modified it to add a "disposable income provision" (doc. 24).

McElroys' modified plan proposes to pay to the trustee:

$   150.00 per month for 33 months
   491.00 per month for 2 months
   662.00 per month for 16 months
   990.00 per month for 1 month
1,283.00 per month for 8 months

for a total of $27,778.00.  In addition the McElroys propose to pay to the trustee "any tax refunds to which they become entitled during the term of the Plan within ten days of receipt by the Debtor(s)."  Plan, ¶ 1 (doc. 2).

Thus, the only objection lodged against the proposed plan is pursuant to 11 U.S.C. § 1325(b)(1)(B), which states:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan ... (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B).

McElroys are above median income debtors; however, their monthly disposable income under 11 U.S.C. § 1325(b)(2) is negative $716.70.  Their applicable commitment period is five years.  11 U.S.C. § 1325(b)(4).  They calculated their disposable income at filing as $149.82 by subtracting their average monthly expenses as shown on schedule J from their average monthly income as shown on schedule I.  The monthly payments increase at intervals as the debtors pay off each of four loans from 401(k) plans.

At the confirmation hearing, McElroys' attorney stated that

2

debtors would agree to payment of additional disposable income during the term of the plan, as demanded by the trustee, if necessary to obtain confirmation, but that he did not believe such agreement was required by the provisions of chapter 13 of the Bankruptcy Code.

Dunbar does not point to any particular type of income which would increase McElroys' disposable income over the 60 months. She contends that debtors are obligated to submit any income they receive in addition to wages and tax refunds during the term of the plan.

In this district, a promise to pay tax refunds to the trustee has been determined as necessary because most wage earning debtors anticipate annual tax refunds. If tax refunds are obtained by intentional over-withholding, one court has described them as "virtual savings accounts." In re Rhein, 73 B.R. 285, 288 (Bankr. E.D. Mich. 1987). Because most debtors anticipate receiving annual tax refunds, parties have agreed that tax refunds received during some or all of the years of the plan will be submitted to the trustee.

It seems that as a result of expectations regarding tax refunds, debtors are normally not precise in describing what part of their projected disposable income is expected in the form of tax refunds. Moreover, the trustee (almost always it is the trustee's objection to plans that triggers the § 1325(b)(1)(B) requirement for confirmation) does not force debtors to be more precise in filling out the "Employee's Withholding Allowance

3

Certificate" (Department of the Treasury, IRS form W-4 or the Iowa form W4).  If a chapter 13 debtor regularly receives tax refunds, it is expected that they are part of projected disposable income, and this, I believe, is a fair and correct result.

But I disagree with the contention that "projected disposable income" is whatever disposable income debtors actually receive during the applicable chapter 13 plan period.  Section 1325(b)(1)(B) requires only that debtor provide for payment of all projected disposable income as calculated at the time of confirmation, not that debtor will provide all actual disposable income.  Anderson v. Satterlee (In re Anderson), 21 F.3d 355, 358 (9th Cir. 1994); see also Commercial Credit Corp. v. Killough (Matter of Killough), 900 F.2d 61, 65 (5th Cir. 1990) (affirming bankruptcy court's determination that "potential for [debtor] to work overtime in the future was not definite enough" to include in projected income).  There is support in our circuit for the proposition that future income which is too speculative is not included in projected income.  Education Assistance Corp. v. Zellner, 827 F.2d 1222, 1226 (8th Cir. 1987); see also In re Schyma, 68 B.R. 52, 63 (Bankr. D. Minn. 1985) (prospect of dividends "not so certain" as to consider them regular or disposable income).

It seems to me that "projected disposable income" in a chapter 13 case should not include items of income which are not anticipated or which are purely speculative.  The trustee has not

4

pointed to any forms of such income during the term of McElroys' plan.  Indeed, debtors' attorney says he discussed with them whether there were any future sources of income, and there are none.  I find no evidence of any anticipated income of debtors which they have failed to include in their projection.

I conclude that it is not necessary, in order to satisfy the requirement of § 1325(b)(1)(B), for debtors to promise to submit all actual disposable income during the term of the plan.  I conclude that McElroys' plan meets the requirements of § 1325(b)(1)(B) as proposed, and it meets the requirements set out in 11 U.S.C. § 1325(a)(1)-(9).  They are applying all of their projected disposable income to make payments to unsecured creditors.

IT IS ORDERED that the chapter 13 plan proposed by Douglas and Kathy McElroy on August 18, 2008 and modified on October 3, 2008 is confirmed.

DATED AND ENTERED   December 3, 2008

William L. Edmonds, Bankruptcy Judge